IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN MAUS,

                        Plaintiff,

  v.

KEVIN CARR, LIZZIE TEGELS, GARCEAU,
JENSEN, RICE, DOUGHERTY, RISCH,
HICKEY-WILBUR, HOMPE, O'DONNELL,          OPINION and ORDER
SCOTT, BART HOTTENSTEIN, SHARP,
DUNATTEY, KASTEN, BOEHM,                     23-cv-814-jdp
JANE DOE (1), JEREMIAH, JOHN DOE (1),
JOHN DOE (2), CARSTENS, RATSCH, BURKE,
DAMMEN, KREYER, SMITH, DENO,
JOHN DOE (3), JOHN DOE (4), JOHN DOE (5),
JOHN DOE (6), JOHN DOE (7) and DAVIDSON,

                        Defendants.

---

Plaintiff Brian Maus, proceeding without counsel, is incarcerated at Jackson Correctional Institution. Maus alleges that defendant prison officials violated his rights in a variety of ways, including by blocking his law library access, subjecting him to searches, and giving him false conduct reports.

Maus has paid the entire filing fee. Because Maus is a prisoner suing government officials, the next step is for me to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Maus cannot proceed with any of his claims because his complaint violates the Federal Rules of Civil Procedure.

The main problem with the complaint is that Maus is trying to bring at least seven different sets of claims against different sets of prison officials, which violates Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Maus alleges the following:

- Lawsuit No. 1: Prison staff do not give inmates enough law library time and otherwise deny them access to the courts.

- Lawsuit No. 2: In May 2023, Officers Scott and Ratsch printed $15 worth of pages from Maus's flash drive without his permission and then charged him for those pages.

- Lawsuit No. 3: In August 2023, Officer Boehm denied him the use of his flash drive, and when he complained, Ratsch berated him. A John Doe officer gave Maus a false conduct report for lying to staff by complaining about Ratsch.

- Lawsuit No. 4: Several times from June to October 2023, officers conducted searches of his cell and strip searched him before urine tests to sexually harass him.

- Lawsuit No. 5: In September 2023, Officer Burke berated Maus for taking food out of his cell to cook it, and later gave him a false conduct report because he complained about Burke's actions.

- Lawsuit No. 6: In October 2023, Officer Carstens gave Maus multiple false conduct reports.

- Lawsuit No. 7: In October 2023, Officer Dammen gave Maus a false conduct report for disobeying orders by using the law library without permission even though he had gotten permission.

Because these claims involve different sequences of events and different sets of prison officials, they do not belong together in one lawsuit. Maus attempts to link his various claims together by stating that defendants conspired to retaliate against him for his various complaints about officer misconduct. But his allegations are too conclusory to show that defendants'

2

actions are linked together as part of a scheme to retaliate against him; he doesn't explain how he knows that defendants are working together to harm him. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided.").

I will give Maus a short time to respond to this order by explaining which one of his seven potential lawsuits he wishes to pursue under this case number. After he has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and will screen the claims he has chosen. If Maus also wishes to proceed on a set of claims that he does not choose for this lawsuit, he should inform the court of that fact, and I will open a brand-new lawsuit under a new case number for that set of claims. If Maus chooses this route, he will then owe the court a separate filing fee for each additional lawsuit.

Alternately, Maus could respond by filing a brand-new complaint explaining how some of his claims are connected to each other, but if he files an amended complaint it will replace his original complaint in its entirety.

Maus has filed three motions for preliminary injunctive relief, Dkt. 2; Dkt. 3; Dkt. 7, all of which I will deny as premature. When Maus responds to this order he may file a new motion for preliminary injunctive relief, but he will need to explain how the relief he seeks is related to the specific claims he chooses to pursue in this lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Brian Maus may have until August 2, 2024, to identify for the court which claims he wishes to pursue under this case number, and whether he wishes to pursue other sets of claims in new lawsuits.

2. Plaintiff's motions for preliminary injunctive relief, Dkt. 2; Dkt. 3; Dkt. 7, are DENIED without prejudice.

Entered July 12, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge