IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN MAUS,

                              Plaintiff,

          v.

STEVEN RATSCH JR. and ERIN DUNAHAY,

                              Defendants.

ORDER

23-cv-814-jdp

---

Plaintiff Brian Maus, proceeding without counsel, alleges that defendant Steven Ratsch Jr. falsely accused him of misconduct and that defendant Erin Dunahay disciplined him despite knowing he had not committed the infraction, all in retaliation for Maus complaining about Ratsch profanely berating him regarding an interaction that Maus had with another staff member. Maus brings claims under the First Amendment to the United States Constitution. Trial is set for Monday, August 3, 2026, at 9:00 a.m., and the court will hold a final pretrial conference on July 24, 2026, at 10:00 a.m.

Maus moves for appointment of counsel to assist him with trial preparation and locating witnesses (he says that he will represent himself at trial). Dkt. 56. Alternatively he asks to strike the trial date and set a new schedule given his difficulties in preparing for trial. Dkt. 57.

I will deny these motions. I have no authority to appoint Maus counsel in this civil case; I could only attempt to recruit counsel to serve voluntarily. But volunteer attorneys are few, and the impediments that Maus discusses are commonplace among unrepresented litigants in this court. Incarcerated plaintiffs are routinely able to represent themselves at trial in this court. This court sets a trial date at the outset of each case and will not move that date unless there

is a compelling reason to do so. Maus should have been preparing his evidence and witnesses long ago; he hasn't provided a good reason to strike the trial date.

The preliminary pretrial conference was set to be held in person. But Maus states that he is now in custody at the Langlade County Jail. Based on my review of Wisconsin online court records, it seems likely that Maus will remain in pretrial custody for the remainder of this case's schedule. This introduces some logistical hurdles. I had planned on holding the July 24 pretrial conference in person, but I will change that to one held by videoconference. I will also have the clerk of court issue a writ of habeas corpus ad testificandum for Maus's appearance in person at trial.

Maus also asks to be sent various jury instructions. Dkt. 58. I will have the clerk send him another copy of the court's attachments to its preliminary pretrial conference order, which contain the court's standard instructions. I will also have the clerk send Maus a copy of Seventh Circuit civil instruction 6.03, regarding prisoner retaliation claims. Maus can rest assured that regardless what instructions he ultimately proposes or fails to propose, I will craft jury instructions resembling those commonly used in prisoner cases in this court.

ORDER

IT IS ORDERED that:

1.    Plaintiff's motions for recruitment of counsel and to strike the schedule, Dkt. 56 and Dkt. 57, are DENIED.

2.    The schedule is AMENDED: the July 24, 2026 final pretrial conference will be held by videoconference.

3.    The clerk of court is directed to issue a writ of habeas corpus ad testificandum for the attendance of plaintiff Brian Maus at trial beginning on August 3, 2026. Maus should arrive at the courthouse no later than 8:00 a.m. on the first day of trial, and no later than a half hour before the start of any following trial day.

4.      The clerk of court is directed to contact the Langlade County jail to arrange for Maus's participation at the final pretrial conference and his appearance in person at trial.

5.      Plaintiff's motion for jury instructions, Dkt. 58, is GRANTED.

6.      The clerk of court is directed to send Maus a copy of the attachments to the preliminary pretrial conference order and a copy of Seventh Circuit civil instruction 6.03.

Entered June 12, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge