IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN MAUS,

Plaintiff,

v.

STEVEN RATSCH and ERIN DUNAHAY,

Defendants.

ORDER

23-cv-814-jdp

---

Plaintiff Brian Maus, proceeding without counsel, alleges that defendant Steven Ratsch falsely accused him of misconduct and that defendant Erin Dunahay disciplined him despite knowing he had not committed the infraction, all in retaliation for Maus complaining about Ratsch profanely berating him after an interaction that Maus had with another staff member.

The case is scheduled for trial on August 3, 2026, with a pretrial conference to be held by video on July 24, 2026. This order addresses the parties' motions in limine.

The court will follow with an order attaching draft voir dire, jury instructions, and verdict form.

## ANALYSIS

### A. Maus's motions in limine (Dkt. 70)

#### 1. Restraints

Maus asks not to be shackled or to wear a stun belt, as he believes that this would make him to appear to the jury as a violent person. Defendants do not object. But the state is not Maus's current custodian. Defendants are directed to contact Langlade County about its preference so that we may discuss the matter at the final pretrial conference. So Maus is aware,

at trials in this court prisoners do not generally wear visible restraints but they often wear a stun belt under their clothing, so the jury is unaware of that device.

### 2. Clothing at trial

Maus asks to not wear prison garb at trial because that would be prejudicial to him. I routinely tell prisoners that prejudice is highly unlikely because the jury will already be aware that Maus has committed crimes. But the court allows incarcerated plaintiffs to appear at trial in street clothes rather than prison garb. Maus may wear street clothes, but it is his responsibility to arrange for that clothing. He should arrange for clothes to be available for him by asking a family member or friend to either mail or deliver clothing to the office of the Clerk of Court, 120 N. Henry Street, Room 320, Madison, WI 53703, so that the clerk's office receives the clothing no later than 4:30 p.m. the Thursday before trial.

### 3. Uniforms and presence of guarding officers

Maus filed two related motions seeking an order barring defendants from wearing their work uniforms and the officers guarding him from sitting next to him or at counsel table. It's unclear exactly what he wants in the alternative. I will deny these motions in part on the substance and in part as unnecessary. It will already be clear to the jury that defendants are prison officials. So Maus is not prejudiced by defendants wearing their work uniforms. The court requires that an incarcerated plaintiff be guarded by two officers in the courtroom. As long as Maus behaves appropriately during the proceedings, those officers will not be stationed directly next to him or at the counsel table.

### 4. Maus's criminal record

Maus seeks to exclude his criminal record. I will deny this motion in part. Defendants have filed their own motion to allow them to impeach Maus with his previous felony

convictions pursuant to Federal Rule of Evidence 609. Defendants seek to elicit the title, date, and disposition of his felony-level offenses, but they don't explain what those offenses are. This court's long practice has been to exclude the details of prior non-dishonesty convictions in prisoner civil rights cases because the details impugn the witness's general character, making him seem dangerous, unlawful, or unsavory to the jury. *Wynn v. Adams*, No. 23-cv-364-jdp, 2024 WL 4589485, at *1. I will allow defendants to ask Maus whether he has been convicted of felonies and how many times, keeping in mind Rule 609's time limits regarding this type of evidence. At the final pretrial conference, defendants must explain which of Maus's convictions qualify under Rule 609.

### 5. Maus's conduct reports

Maus seeks to exclude evidence regarding conduct reports that he has received. Defendants object, stating that they should be allowed to cross-examine Maus about past adjudications of untruthfulness, such as for lying or fraud, under Rule 608(b)(1). So as with the motion regarding convictions, I'll deny Maus's motion in part but reserve a full ruling because defendants haven't provided those reports. They are directed to do so.

## B. Defendants' motions in limine (Dkt. 66)

### 1. Exclusion of compensatory damages

Defendants seek to dismiss Maus's request for compensatory damages. Maus didn't respond to defendants' motions in limine. I take Maus to be seeking damages for emotional harm only. But a plaintiff who is a prisoner at the time that he files a lawsuit may recover damages for emotional harm only if he proves that he suffered a physical injury or was injured by a sexual act. *See* 42 U.S.C. § 1997e(e). There is no evidence of that here, so I will grant defendants' motion. If Maus proves his claim against either defendant, he can recover $1.00

in nominal damages against that defendant, and he can seek punitive damages against that defendant.

### 2. Other lawsuits against DOC employees

Defendants seek to exclude any reference to the details of other inmate lawsuits filed against DOC employees. Maus did not respond. I will grant this motion.

### 3. Other legal proceedings, personnel files, work histories, and inmate grievances unrelated to this case

Defendants seek to exclude details of other legal proceedings, personnel files, work histories, and inmate grievances unrelated to this case. Maus did not respond. I will grant this motion.

### 4. Maus's previous convictions

Defendants seek to cross-examine Maus about his prior convictions under Rule 609. I've already addressed this issue above. I will grant their motion subject to discussion at the final pretrial conference about the specific convictions.

### 5. Reference of who pays for a judgment

Defendants seek to exclude evidence or argument concerning their indemnification by the state. I will grant that motion.

### 6. References to summary judgment opinion or other claims dismissed at summary judgment

Defendants seek to exclude reference to my commentary on evidence in my summary judgment opinion and to exclude references to Maus's other claims. I will grant that motion.

ORDER

IT IS ORDERED that:

1.      The court rules on plaintiff's motions in limine, Dkt. 70, as follows:

   a.  A ruling on plaintiff's motion regarding restraints is RESERVED.

   b.  Plaintiff's motion to appear in street clothes is GRANTED; he may have clothes sent to the court.

   c.  Plaintiff's motions regarding defendants' uniforms and the presence of officers guarding him are DENIED.

   d.  Plaintiff's motions regarding his convictions and conduct reports are DENIED in part.

2.      The court rules on defendants' motions in limine, Dkt. 66, as follows:

   a.  Defendants' motion to dismiss the claim for compensatory damages is GRANTED.

   b.  Defendants' motion to exclude other lawsuits against DOC employees is GRANTED.

   c.  Defendants' motion to exclude other legal proceedings, personnel files, work histories, and inmate grievances is GRANTED.

   d.  Defendants' motion to allow reference to plaintiff's convictions is GRANTED subject to discussion at the final pretrial conference.

   e.  Defendants' motion to exclude reference to who pays for a judgment is GRANTED.

   f.  Defendants' motion to exclude reference to plaintiff's other claims and the court's summary judgment opinion is GRANTED.

Entered July 16, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5